**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VIRGINIA SANTIAGO | : CIVIL ACTION – LAW |
| Plaintiff | : |
| | : No.            **19    2242** |
| vs. | : |
| | : |
| COLLEGIUM CHARTER SCHOOL | : |
| Defendant | : JURY TRIAL OF 12 DEMANDED |

**FILED**

**MAY 23 2019**

KA__ARKMAN, Clerk
By_____JL_____ Dep. Clerk

### COMPLAINT

### JURISDICTION AND VENUE

1. Federal jurisdiction is conferred based on Title VII, 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981, and the Americans with Disabilities Act and the Age Discrimination in Employment Act. Plaintiff's Title VII Dismissal and Notice of Rights letter was issued 2/25/19 and is attached as Exhibit A. This Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq.*, ("PHRA") with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing. More than a year has passed since filing of the PHRA Complaint. The original Complaint was cross-filed 5/08/18. This Court has jurisdiction over the state law claims in light of the foregoing basis for federal jurisdiction.

2. Venue is proper in the Eastern District of Pennsylvania because the alleged discrimination occurred in Chester County and the Plaintiff worked for Defendant in Chester County.

### FACTUAL ALLEGATIONS

3. Plaintiff Virginia Santiago lives at 431 Bianca Circle, Downingtown, PA 19335 (hereinafter "Plaintiff").

1

4.   Defendant is Collegium Charter School, a Pennsylvania charter school located at 435 Creamery Way, Exton, PA 19341.

5.   Plaintiff Virginia Santiago was a 15-year employee of Collegium Charter School.

6.   Plaintiff worked doing chef duties for more than 10 years, but she typically worked as an assistant and she was never formally given the head chef job title or pay.

7.   On or before January 18, 2018, Plaintiff sustained an injury to her right foot and had to wear a boot cast.

8.   Plaintiff's foot condition qualified under the definition of disability under the ADA as amended in the ADAAA.

9.   Plaintiff is in protected classes because of her disability, race, color, national origin (Puerto Rico) and age.

10.   Plaintiff is 61 years old and Hispanic.

11.   After January 18, 2018, her supervisor, "Prexy," an Asian person, started picking on her for things that no one had been called to account for in Plaintiff's 15 years of service.

12.   Prexy also gave her more work after January 18, 2018.

13.   Prexy also complained that Plaintiff was "too slow."

14.   Plaintiff started getting written up by Prexy on or about January 18, 2018 and thereafter.

15.   The interpreter did not either explain at all or fully explain Plaintiff's version of the incidents which occurred, particularly how the alleged "errors" were all of recent origin and were not her responsibility.

16.   While Plaintiff did not request accommodation, apparently she was given one with the ability for her to sit down when she could for her foot.

17. Notwithstanding, Prexy raised issues that never had been brought up before to create a file to terminate Plaintiff.

18. Plaintiff was terminated by Prexy on 2/23/2018.

19. A Caucasian woman in her 40's with no disability replaced Plaintiff at her job.

20. Plaintiff alleges that she was fired because of her disability and/or her age.

21. Plaintiff (61 years old) alleges that her age and the fact that she had a visible health condition that made ambulation more difficult were grounds for her termination.

22. Plaintiff believes that the reasons given for her discipline and termination were a pretext for her firing that had an illegal discriminatory basis.

23. Plaintiff is entitled to back pay, front pay, a reasonable attorney's fee, reinstatement, equitable relief, costs, or a combination thereof under relevant discrimination law.

24. Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

25. At all relevant times, Defendant was vicariously liable for the acts of its managers, agents, and employees.

26. Defendant, by and through its agents, managers, and employees, acted at all times intentionally, wantonly, willfully and with reckless disregard for the rights of Plaintiff exposing itself to punitive damages.

27. Plaintiff is entitled to compensatory damages under both federal and state law.

## COUNT I

## RACE DISCRIMINATION

## VIOLATION OF TITLE VII

28. Plaintiff incorporates paragraphs 1 through 27 above as if set forth herein.

3

29. Plaintiff is in a protected class.

30. Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

31. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees.

32. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) medical expenses for additional treatment caused by the conduct of the Defendant; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT II

## COLOR DISCRIMINATION

## VIOLATION OF TITLE VII

33. Plaintiff incorporates paragraphs 1 through 32 above as if set forth herein.

34. Plaintiff is in a protected class because of her color, brown.

35. Plaintiff suffered a hostile work environment because of her color by Defendant and/or its agents, managers, employees.

4

36.  Plaintiff suffered adverse employment action(s) because of her color by Defendant and/or its agents, managers, employees.

37.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT III

## NATIONAL ORIGIN DISCRIMINATION

## VIOLATION OF TITLE VII

38.  Plaintiff incorporates paragraphs 1 through 37 above as if set forth herein.

39.  Plaintiff is in a protected class because of her national origin, Puerto Rican.

40.  Plaintiff suffered a hostile work environment because of her national origin by Defendant and/or its agents, managers, employees.

41.  Plaintiff suffered adverse employment action(s) because of her national origin by Defendant and/or its agents, managers, employees.

42.  Plaintiff has suffered damages.

5

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT IV

## VIOLATION OF 42 U.S.C. §1981

43. Plaintiff incorporates paragraphs 1 through 42 above as if set forth herein.

44. Plaintiff is in a protected class, race, and subject to a contract of employment with Defendant within the meaning of 42 U.S.C. §1981.

45. Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

46. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees, including termination.

47. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would

6

have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT V

## DISABILITY

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND ADAAA AMENDMENTS

48. Plaintiff incorporates paragraphs 1 through 47 herein by reference.

49. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

50. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

51. Plaintiff suffered an adverse employment action because of her ADA-protected conditions, including being treated differently than people without a disability in the terms, conditions, and benefits of her employment and/or being terminated.

52. There is a causal link between the adverse actions and the employment actions herein.

53. Plaintiff suffered damages.

54. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's

7

expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT VI

## AGE DISCRIMINATION -- ADEA

55.  Plaintiff incorporates paragraphs 1 through 54 above as if set forth herein.

56.  Plaintiff is in a protected class because of her age.

57.  Plaintiff was terminated because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to those who are not in a protected age class.

58.  Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being counseled, disciplined, for trivial things and eventually being terminated.

59.  Plaintiff has suffered damages caused by Defendant.

60.  Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendant.:  (1) wages, employment benefits or other compensation denied or lost by such violation; (2) front pay wages; (3) equitable relief such as rehiring; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) liquidated damages; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's

8

ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT VII

## RACE

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates paragraphs 1 through 60 above as if set forth herein.

62. Plaintiff is in a protected class.

63. Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

64. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees, including termination.

65. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

9

## COUNT VIII

## COLOR

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates paragraphs 1 through 65 above as if set forth herein.

67. Plaintiff is in a protected class.

68. Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

69. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees, including termination.

70. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; and (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT IX

## NATIONAL ORIGIN

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates paragraphs 1 through 70 above as if set forth herein.

72. Plaintiff is in a protected class.

73. Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

74. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees, including termination.

75. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; and (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT X

## DISABILITY DISCRIMINATION

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates paragraphs 1 through 75 herein by reference.

77. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

78. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

11

79.  Plaintiff suffered an adverse employment action because of her disability, including termination and being treated differently than people without a disability in the terms, conditions, and benefits of her employment.

80.  There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

81.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT XI

## AGE

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

82.  Plaintiff incorporates paragraphs 1 through 81 above as if set forth herein.

83.  Plaintiff is in a protected class.

84.  Plaintiff suffered a hostile work environment because of her race by Defendant and/or its agents, managers, employees.

85. Plaintiff suffered adverse employment action(s) because of her race by Defendant and/or its agents, managers, employees, including termination.

86. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action;

Respectfully submitted,

Date: _____ 5/22/2019 _____

By: _____

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No.  64565
211 Welsh Pool Road, Suite 236
Exton, PA  19341
(610) 594-1600
Validation of signature code: ECS1942

# EXHIBIT A

EEOC Form 161 (11/16)

**RECEIVED**

**FEB 2 7 2019**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To | Virginia Santiago<br>431 Bianca Circle<br>Downingtown, PA 19335 | From | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No | EEOC Representative | | Telephone No |
| 530-2018-03723 | Legal Unit,<br>Legal Technician | | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

[ ] Your charge was not timely filed with EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes  This does not certify that the respondent is in compliance with the statutes  No finding is made as to any other issues that might be construed as having been raised by this charge

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form )

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice, or your right to sue based on this charge will be lost  (The time limit for filing suit based on a claim under state law may be different )

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**February 25, 2019**

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc    COLLEGIUM CHARTER SCHOOL
Christine E. Reilly (for Respondent)
LATSHA, DAVIS & MCKENNA, P.C.
350 Eagleview Blvd., Suite 100
Exton, PA 19341

Edward C. Sweeney (for Charging Party)
WUSINICH & BROGAN P.C.
537 West Uwchlan Avenue, Suite 200
Downingtown, PA 19335